CAMPBELL, Acting Chief Judge.
Appellant, Daniel Morgan, appeals his judgment and sentence for grand theft. We reverse.
Appellant was charged in a two-count information with third degree grand theft (Count I) and the unlawful sale of a rebuilt vehicle without the certificate of title being so stamped in violation of section 319.14, Florida Statutes (1989) (Count II).
After a jury trial, appellant was found guilty of both counts. Subsequently, on a renewed motion for judgment of acquittal as to both counts, the trial judge directed a verdict for appellant on Count II only, the unlawful sale of a rebuilt vehicle. The directed verdict on Count II was properly based on the testimony of the State of Florida Bureau Chief of Titles and Registration that under the law existing at the pertinent time to this case, the description “Rebuilt” would not properly appear in either the certificate of title or on the VIN plate affixed to the vehicle. The facts established at trial show that on or about March 1991, Emma Lou Coggins went to Corvette Shop and Supplies, Inc. in Tampa to buy a Corvette for *831 her daughter who was going to college in California. At the shop, she spoke with appellant who, according to Coggins, told her the 1981 Corvette was safe and had only been on his showroom floor for a short period of time.
Coggins purchased the car “As Is” for $10,995.00, by trading in a Pontiac Fiero together with a cheek for $5,649.80. Coggins did not have a mechanic examine the car prior to purchasing it, but she had a neighbor look at it after she purchased it and he told her that everything looked “O.K.” Coggins’ twenty-year-old daughter drove the Corvette to California within one week of its purchase. While in California, she had two accidents which led Coggins to research the title history of the Corvette. She discovered that at one point there had been a question concerning whether the car had been rebuilt, although the title ultimately issued by the Florida Department of Highway Safety and Motor Vehicles (DHSMV) did not indicate “REBUILT.”
The Corvette had been purchased by Corvette Shop and Supplies, Inc. from Travelers Insurance Company in 1987. Prior to this sale, the vehicle had been damaged by fire and Travelers had paid off the owner of the ear as a total loss and then sold the car to Corvette Shop and Supplies, Inc. According to state’s witness, Wendy Daniels, in 1987 when the vehicle was damaged by fire, paid off by the insurance company and then sold at auction, the title issued by the DHSMV did not have to indicate the extent of damage to the ear or that it was rebuilt. Denise James, Bureau Chief of Titles and Registration for the DHSMV, testified that “[u]nder the law (Fla.Stat. 319.14) as it applied in 1987, since the ear was more than five years old, even though it was a total loss and assuming the total loss was reported to the DHSMV, no title denoting “REBUILT” would have been issued.” “If title was requested (as in this case) a ‘clean’ title would issue.” “Likewise, in 1991, even though portions of Chapter 319 had changed, since the ear was five years old or older, no ‘REBUILT’ title would be issued.” “Titles which were issued between 1987 and 1990 on vehicles which had been totalled would not denote ‘REBUILT’ on automobiles which were more than five (5) years old as the automobile in this case.” “If a VIN plate which is affixed to the automobile were requested (as was done in this case), a VIN plate with the appropriate numbers would issue and not a VIN plate with the letters RE-B-U-I-L-T which would, of course, denote a legally rebuilt vehicle.”
When Corvette Shop and Supplies, Inc., through employee Jennifer Morgan, ordered a title and replacement VIN plate from DHSMV, a clerk inadvertently initially issued a “REBUILT” title. Upon receiving this title, Morgan requested a clean title and DHSMV complied. This clean title was ultimately given to Coggins when she purchased the 1981 Corvette. The vehicle was brought back to Florida from California and Coggins contacted the Tampa Police Department, whereupon appellant was arrested.
Coggins testified, as an expert, that the value of the car could not be determined and that if she had known the true history of the vehicle, she would not have bought it. Under the testimony elicited at trial and pursuant to the law existent at the pertinent times, appellant was properly granted a directed verdict of not guilty as to Count II. Since the gravamen of the grand theft charge was the improper sale of a rebuilt vehicle without notifying the purchaser, appellant’s request for a directed verdict on that charge should also have been granted.
We, therefore, reverse the conviction for grand theft and direct that appellant be discharged.
PARKER and PATTERSON, JJ., concur.